IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| California Primary Care Ass'n, et al., | NO. C 12-01708 JW |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER; SETTING EXPEDITED HEARING ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |
| v. | |
| Toby Douglas, et al., | |
| Defendants. | |

Presently before the Court is Plaintiffs' Motion for a Temporary Restraining Order.[1] Plaintiffs[2] ask the Court to enjoin Defendants[3] from reducing the rate at which they reimburse certain adult health-care centers, including Medical Plaintiffs, for providing services to Medicaid-eligible clients. (Id. at 1.) Plaintiffs contend that they are statutorily entitled to continue being reimbursed at the higher rate, and that the public will suffer irreparable damage if their rates are lowered because they will no longer be able to provide needed medical services to clients, and will likely be forced to discontinue operations altogether. (Id. at 4.)

---

[1] (Notice of Motion and Motion for Temporary Restraining Order and Order to Show Cause; Memorandum of Points and Authorities in Support, hereafter, "Motion," Docket Item No. 5.)

[2] Plaintiffs are Gardner Family Health Network ("Gardner"), Lifelong Medical Care ("Lifelong"), and Santa Rosa Community Health Centers ("Santa Rosa") (collectively, "Medical Plaintiffs") and the California Primary Care Association ("CPCA"), a statewide association of health clinics.

[3] Defendants are Toby Douglas, Director of the State of California Department of Health Care Services, and the State of California Department of Health Care Services.

A plaintiff seeking a preliminary injunction must show that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm without preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Additionally, the Ninth Circuit has stated that a preliminary injunction may issue if a plaintiff shows that: (1) "serious questions going to the merits" are raised; (2) the balance of hardships "tips sharply towards the plaintiff"; (3) there is a likelihood of irreparable injury; and (4) the injunction is in the public interest. See Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011). A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter, 555 U.S. at 22.

Although participation in Medicaid is voluntary, states which choose to accept federal Medicaid funding must comply with certain regulations and requirements in implementing Medicaid plans. See Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 502 (1990). Federal regulations require states which accept Medicaid funds to reimburse clinics providing Medicaid services at a level designed to cover 100% of the costs of providing such services. See 42 U.S.C. § 1396a(bb). In addition, in order to receive federal assistance, states must submit to the Secretary of the Department of Health and Human Services a comprehensive plan describing, *inter alia*, a scheme for reimbursing healthcare providers rendering Medicaid services. See Wilder, 496 U.S. at 502.

Here, Plaintiffs seek relief pursuant to 42 U.S.C. § 1983, claiming that 42 U.S.C. § 1396a(bb) provides them with a statutory right to be compensated for 100% of the cost of treating Medicaid-eligible patients. (Motion at 16-17.) Plaintiffs contend that although the Secretary of Health and Human Services approved the State's Community Based Adult Services Program as is required by statute, this approval did not waive § 1396a(bb)'s requirements as to the reimbursement rate. (Id. at 19.) Thus, Plaintiffs contend that they are likely to prevail on the merits of their § 1983 claim because their rights under federal Medicaid laws are being violated. In addition, Plaintiffs contend that the remaining preliminary injunction factors all weigh heavily in their favor, as each of the Medical Plaintiffs would be forced to close within 15-30 days if an injunction does not issue,

2

causing irreparable harm to Plaintiffs and the public which relies on Plaintiffs' services. (Id. at 19-24.)

Upon review, the Court finds that Plaintiffs have not demonstrated that they are entitled to the "extraordinary remedy" of a temporary restraining order.[4] With regards to irreparable harm and the public interest, the Court finds that the interests of both Plaintiffs and the public can be adequately protected by conducting the hearing on Plaintiffs' request for a preliminary injunction on an expedited basis, rendering a temporary restraining order unnecessary. In addition, the Court has significant concerns about Plaintiffs' likelihood of prevailing on the merits. Specifically, the Court finds that at this juncture it is unclear whether 42 U.S.C. § 1396a(bb) creates a private right of action enforceable by Plaintiffs under § 1983, and whether the Secretary of Health and Human Services implicitly approved the payment of the rates enacted by the state in approving the Community Based Adult Services Program. In light of these concerns regarding the merits of Plaintiffs' claims, the Court finds that Plaintiffs are not entitled to a temporary restraining order.

Accordingly, the Court DENIES Plaintiffs' Motion for a Temporary Restraining Order. The Court sets **Monday, April 30, 2012 at 9 a.m.** for a hearing on Plaintiffs' Motion for a Preliminary Injunction. On or before **April 18, 2012,** Defendants shall submit their Opposition to Plaintiffs' Motion. On or before **April 20, 2012,** Plaintiffs shall submit their Reply. In their briefing, the parties SHALL address, *inter alia*, the following issues:

(1) Whether 42 U.S.C. § 1396a(bb) creates a private right of action;

(2) Whether Plaintiffs as non-profit corporations may enforce such a right of action through 42 U.S.C. § 1983;

(3) Whether state compliance with 42 U.S.C. § 1396a(bb) may be enforced directly under the Supremacy Clause; and

---

[4] Winter, 555 U.S. at 22.

3

  (4) Whether the Secretary of Health and Human Services implicitly approved the rates provided in the Community Based Adult Services Program by approving that program.

Plaintiffs shall serve this Order on Defendants on or before **April 13, 2012** and file the appropriate certificate of service.

Dated:  April 12, 2012

JAMES WARE  
United States District Chief Judge

4

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

John E. Fischer jfischer@murphyaustin.com
Kathryn Ellen Doi kdoi@murphyaustin.com

**Dated:  April 12, 2012**                                        **Richard W. Wieking, Clerk**

                                                                **By:      /s/ JW Chambers**
                                                                       **Susan Imbriani**
                                                                       **Courtroom Deputy**